## BLANCHE PETERSON, RESPONDENT, v. MORRIS KADISH, APPELLANT.

Submitted January 29, 1932—Decided March 14, 1933.

Before Justices PARKER and CASE.

For the appellant, *Harry E. Walburg* and *William H. D. Cox.*

For the respondent, *William Herda Smith.*

PER CURIAM.

This is a suit for personal injuries by tenant against landlord. The plaintiff was injured while in the act of entering the apartment of the janitor for the purpose of making a complaint with regard to a leaky water faucet in her bathroom. Plaintiff knocked on the door, was told by his wife

"to come in," opened the door and was in the act of stepping down two steps from the main floor to the floor of the janitor's rooms when the steps tilted or slipped, whereby the plaintiff was thrown down and sustained physical injuries for which she sued.

The evidence seems to have been fairly clear with regard to the broken condition of the steps and also with regard to the fact that this condition had been reported to the landlord some time previously, so that there was reasonable opportunity to make repairs, if the landlord owed that duty to the plaintiff.

The grounds of appeal were three in number. The third related to an instruction to charge, but that is not argued and has therefore not been considered.

The first ground alleges error in refusing to nonsuit, and the second ground alleges error in refusing to direct, both motions, being based on the grounds that there was no negligence on the part of the defendant, and that the plaintiff was not invited to be where she was, but was a mere licensee.

Our examination of the case satisfies us that there was a jury question, in both aspects, as presented on the motions to nonsuit and to direct. There seems to be no doubt that the plaintiff was a tenant in the building. Now, with regard to the invitation, the case made out by the plaintiff and which it was open to the jury to believe, was that when she took possession of her apartment she found that the telephone and buzzer communications with the janitor's rooms were out of order; and that she complained of this to the landlord and he told her that they had not been in order for some time and that if she had any trouble she would have to go and see the janitor. The landlord denied telling her to go and see the janitor, but this was a disputed question of fact. Consequently, when the hot water leak in the bathroom developed the plaintiff went down to the janitor's apartment and as has been said, she knocked on the door and was told to come in.

The claim now is that she was not invited into that apartment by any act of the landlord; but from the facts as the jury were entitled to find them and as recounted above, we

think it was clearly a jury question with regard to her being legally invited to go to the janitor's rooms, and incidentally enter them if bidden to do so for the purpose of making the complaint. There seems to be a suggestion in the brief that the landlord had no control over the janitor's rooms; but the janitor was obviously the agent of the landlord although, perhaps, in one sense a tenant.

That the question of negligence was one for the jury would seem to appear clearly from what has been said above with regard to the condition of the steps and the knowledge of the landlord of that condition.

We conclude that the judgment should affirmed.